PER CURIAM.
The State of Florida seeks a writ of certiorari quashing the trial court’s order requiring the disclosure of grand jury testimony. We grant the petition and quash the order under review.
The respondent, Vincent Lamont Meeks, was indicted by the Dade County Grand Jury and charged with one count of first degree murder and two counts of attempted second degree murder. The respondent filed a motion seeking the disclosure of the lead detective’s grand jury testimony. The motion alleged that he was entitled to question the lead detective about her grand jury testimony because he was investigating whether the State failed to inform the grand jury about certain facts. The State responded that the respondent had made no showing of any sufficient interest or reason to breach the policy of confidentiality of grand jury proceedings. Thereafter, the trial court granted the respondent’s motion and ordered that the lead detective disclose her grand jury testimony for the purpose of furthering justice.
Section 905.27, Florida Statutes (1991), provides in part as follows:
(1) [A]ny ... person appearing before the grand jury shall not disclose the testimony of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony for the purpose of:
[[Image here]]
(c) Furthering justice.
*648 We acknowledged that when disclosure becomes essential to the attainment of justice and the vindication of the truth, the rule of secrecy may be relaxed in the discretion of the court.” Minton v. State, 113 So.2d 361, 365 (Fla.1959). However, mere surmise or speculation is not a proper predicate for securing access to grand jury testimony. See Jent v. State, 408 So.2d 1024 (Fla.1981); Minton.
In the instant case, the respondent’s motion seeking disclosure did not contain any facts which supported his allegations that the State had withheld critical facts from the grand jury. Thus, we find that the respondent’s motion was based on “mere surmise or speculation.” For this reason, we find that the trial court’s order was a departure from the essential requirements of the law. Accordingly, we quash the order under review.
Certiorari granted; order quashed.