POLEN, Judge.
The state seeks expedited certiorari review of a January 28, 1996, order partially granting a criminal defendant’s motion for release of grand jury testimony. The order determines that the release of grand jury testimony is to be made on a ease-by-case basis, and directs the release of transcripts of only those witnesses that testified before the grand jury that have been listed by the state in discovery as persons who have information regarding the allegations contained therein. Because the order departs from the essential requirements of the law resulting in irreparable harm which could not be remedied on plenary appeal, we grant the petition and quash the order requiring the state to produce transcripts of the grand jury proceeding.
The trial court’s order at bar departed from the essential requirements of the law, as there was no demonstration of a partieu-larized need to justify the revelation of the generally secret grand jury proceedings. Keen v. State, 639 So.2d 597 (Fla.1994). In Keen, the supreme court stated as follows:
We have previously held that there is no pretrial right to inspect grand jury testimony as an aid in preparing a defense. Jent v. State, 408 So.2d 1024, 1027 (Fla.1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982). To obtain grand jury testimony, a party must show a particularized need sufficient to justify the revelation of the generally secret grand jury proceedings. See Dennis v. United States, 384 U.S. 855, 870, 86 S.Ct. 1840, 1849, 16 L.Ed.2d 973 (1966). Once a grand jury investigation ends, disclosure is proper when justice requires it. Id. at 870, 86 S.Ct. at 1849.
To determine whether a defendant has shown the particularized need that Dennis requires, the trial court has the discretion to conduct an in-camera inspection of the grand jury testimony. Miller v. Wainwright, 798 F.2d 426 (11th Cir.1986), vacated and remanded, 480 U.S. 901, 107 S.Ct. 1341, 94 L.Ed.2d 513, reinstated, 820 F.2d 1135 (11th Cir.1987).
639 So.2d at 600. See also State v. Pleas, 659 So.2d 700 (Fla. 1st DCA 1995) (granting cer-tiorari and quashing order that required disclosure of grand jury testimony because defendant failed to make strong showing of particularized need as required for disclosure of grand jury minutes or witness list); State v. Meeks, 610 So.2d 647 (Fla. 3rd DCA 1992) (granting certiorari and quashing an order requiring disclosure of grand jury testimony as the defendant’s motion seeking disclosure was based on mere surmise or speculation).
At bar, there is no indication from the trial court’s order that the appellant demonstrated a particularized need for the grand jury testimony. Accordingly, we grant certiorari and quash the order under review so that the trial court can determine if the particularized need has been demonstrated. In making this assessment the trial court in its discretion can conduct an in camera inspection of the grand jury proceedings.
*176 CERTIORARI GRANTED; ORDER QUASHED.
DELL and WARNER, JJ., concur.